CHADBOURNE & MOORE, INC., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 17068. Promulgated June 14, 1929.

*Donald Horne, Esq.,* for the petitioner.
*John D. Foley, Esq.,* for the respondent.

OPINION.

LOVE: The motion of petitioner's counsel that the order of the Board extending the respondent's time to answer in this case be vacated and that judgment be entered for petitioner by default, because of the failure of the respondent to answer within the time prescribed by the rules of the Board, is denied.

The petitioner asserts that the Commissioner is authorized by Congress to assess income and profits taxes for 1919 and 1920 at any time within five years from the time the return was filed, but not thereafter.

The Revenue Act of 1926, in effect at the time the deficiency letter was mailed, provides, in section 277 (a) (3), that:

The amount of income, excess-profits, and war-profits taxes imposed by * * * the Revenue Act of 1918, and by any such Act as amended, shall be assessed within five years after the return was filed, and no proceeding in

court without assessment for the collection of such taxes shall be begun after the expiration of such period.

Section 278 (c) of the same Act provides that:

Where both the Commissioner and the taxpayer have consented in writing to the assessment of the tax after the time prescribed in section 277 for its assessment the tax may be assessed at any time prior to the expiration of the period agreed upon.

The respondent introduced in evidence three "income and profits-tax waivers," and the question here turns upon whether or not these consents in writing were effective for the purpose for which they were intended.

The first waiver (Respondent's Exhibit A) is dated "12/12/24" and by its terms the taxpayer and the Commissioner mutually consent to extend the period prescribed by law for the assessment and collection of the amount of income, excess-profits, or war-profits taxes due under any return made by or on behalf of the taxpayer for the years 1918 and 1919 under the Revenue Act of 1924, or under prior acts. The waiver is effective from the date of its execution by the taxpayer, "and will remain in effect for a period of one year, after the expiration of the statutory period of limitation within which assessments of taxes may be made for the year or years mentioned, or the statutory period of limitation as extended by section 277 (b) of the Revenue Act of 1924, or by any waivers already on file in the Bureau."

This waiver was executed on behalf of Chadbourne & Moore, Inc., by Joseph H. Chadbourne, treasurer, and by Everett B. Moore, assistant treasurer, and it bears the seal of the corporation. It was executed also by the Commissioner or on his behalf.

On January 14, 1926, the foregoing waiver was followed by two others, each identical with the other in every respect except that one was for the year 1919, while its counterpart covered the year 1920.

That for 1919 is as appears below, omitting dating stamps and other notations not material to its effectiveness or consideration:

INCOME AND PROFITS TAX WAIVER

For Taxable Years Ended Prior to January 1, 1922

January 14th, 1926.

In pursuance of the provisions of existing Internal Revenue Laws Chadbourne and Moore, Incorporated, a taxpayer of Boston, Massachusetts, and the Commissioner of Internal Revenue hereby waive the time prescribed by law for making any assessment of the amount of income, excess-profits, or war-profits taxes due under any return made by or on behalf of said taxpayer for the year (or years) 1919 under existing revenue acts, or under prior revenue acts.

This waiver of the time for making any assessment as aforesaid shall remain in effect until December 31, 1926, and shall then expire except that if a notice of

a deficiency in tax is sent to said taxpayer by registered mail before said date and (1) no appeal is filed therefrom with the United States Board of Tax Appeals then said date shall be extended sixty days, or (2) if an appeal is filed with said Board then said date shall be extended by the number of days between the date of mailing of said notice of deficiency and the date of final decision by said Board.

CHADBOURNE AND MOORE, INC.

Taxpayer [sic]

EVERETT B. MOORE

[Corporate seal President.
impressed hereon] D. H. BLAIR,
 Commissioner.

If this waiver is executed on behalf of a corporation, it must be signed by such officer or officers of the corporation as are empowered under the laws of the State in which the corporation is located to sign for the corporation, in addition to which, the seal, if any, of the corporation, must be affixed.

The petitioner alleges that the enactment of the Revenue Act of 1926 on February 26 of that year voids these two waivers as against the deficiency notice of April 13, 1926, and any later assessments and collection of taxes for 1919 and 1920.

We could not state the petitioner's contention more concisely and clearly than it is set forth in the argument of counsel, whose brief follows in full:

It will be noted that all of the waivers introduced in evidence by respondent were executed prior to the enactment of the Revenue Act of 1926. They extended the time by agreement pursuant to existing laws, but not under subsequent statutes enacted after their execution. It was a part of the agreement that the waivers should remain in effect under existing laws. The enactment of a new statute, changing petitioner's rights, privileges and liabilities was not contemplated by the parties and nullified the agreement.

The Revenue Act of 1926 changed the provisions under which petitioner's liability might be calculated, changed the method by which it might be assessed and collected, and changed the procedure, jurisdiction and organization of the Board of Tax Appeals and of the Courts. Petitioner is entitled to insist upon confining the extension of time to the terms of its waiver. It did not consent to such extension except under existing law.

This same point arose in the case of *Toxaway Mills, Inc. v. United States*, 61 Ct. Cls. 363, 5 Am. Fed. Tax Rep. 5714. In that case a waiver was executed prior to the enactment of the Revenue Act of 1921, and additional tax was assessed and collected after the enactment of that Act. Plaintiff sued to recover the amount, claiming that it was collected after the statute of limitations had run. The Government relied upon the waiver.

The Court held that ordinarily the waiver would have been voided by the enactment of the new Act, but that, because the parties had treated it as continuing in effect, the Court recognized its validity and dismissed the complaint. The Supreme Court reversed this judgment without an opinion. See subsequent opinion in the same case, 63 Ct. Cls. 646, 6 Am. Fed. Tax Rep. 6811.

The reversal by the Supreme Court can rest upon no other ground than that the waiver was invalid, after the enactment of the Revenue Act of 1921. If the waiver had been valid, the judgment would necessarily have been for the Government, as the tax would have been legally collected, and the plaintiff did not contest it on the merits.

Petitioner contests the right of the Commissioner or of this Board to extend its consent in writing to something not consented to, viz: the application of a new statute and the cessation by repeal of the statute under which the consent in writing was executed.

Counsel for the respondent filed no brief, resting his case upon its merits.

Upon those merits, as we see them, we must find in this issue for the respondent.

The waivers filed by the petitioner grant to the Commissioner no rights of assessment and collection beyond those contained in the Revenue Act of 1924, and prior acts, or in waivers already on file in the Bureau, and they expired by express limitation on December 31, 1926. If, therefore, the Commissioner had determined the asserted deficiency and proposed to assess the tax under the provisions of the Revenue Act of 1926, we might be constrained to hold that the waivers here in question were not effective to convey such authority. However, as we view the facts in the case, they are free from any complications of that kind that might have been introduced by such a purpose on the part of the Commissioner.

The pleadings of the petitioner contain a copy of the deficiency notice dated April 13, 1926, accompanied by a statement of returns examined and resulting tax liability, which statement appears below:

| Company | Form | Year | Deficiency in tax |
|---|---|---|---|
| Chadbourne and Moore, Inc., Boston, Massachusetts | 1120 | 1919 | $8,552.45 |
| | 1120 | 1920 | 9,271.29 |
| | | | 17,823.74 |

The adjustments producing the above change in your tax liability are set forth in schedules attached to Bureau letter dated December 19, 1925, and were based upon the Revenue Agent's report dated April 26, 1923, copy of which has been furnished you. The information submitted in connection with your predecessor partnership has been considered in arriving at the above determination.

Consideration has been given to the statements contained in your several briefs and in conferences held in this office, but nothing contained therein warrants the modification of the adjustments set forth in Bureau letter referred to above.

Waivers expiring December 31, 1926, are on file for the calendar years 1919 and 1920.

From this it appears that the deficiency proposed by the Commissioner on April 13, 1926, had been computed not later than December 19, 1925, upon the basis of a revenue agent's report dated April 26, 1923. It is thus apparently certain that these taxes for 1919 and 1920 were computed under the provisions of the Revenue Act of 1921, and we therefore hold these waivers valid to extend the time for the assessment of taxes for those years to December 31, 1926, not-

withstanding that the Revenue Act of 1926 had been approved before the date of the deficiency notice.

This case is distinguished in several respects from that of *Toxaway Mills* cited *supra* by the respondent, but in none in which we think that either the opinion of the Court of Claims or the reversal of its decision by the Supreme Court of the United States should influence or control our decision here. It is true that in *Toxaway Mills* the waiver was executed on February 10, 1921, after the provisions of Titles II and III of the Revenue Act of 1921, approved November 23, 1921, had been made retroactively effective from January 1 of that year; and that the waivers here under discussion were executed in January, 1926, while the 1926 Act did not take effect until the latter part of February of that year; but in view of the fact that it has not been shown that the passage of that Act had any bearing or influence at all upon the Commissioner's determination of the amount of the deficiency, we hold that such difference in circumstance is not material here. The Commissioner was expressly authorized by this petitioner to determine and assess its taxes for 1919 and 1920 (under then existing acts and waivers) at any time prior to the expiration of December 31, 1926. The limitation period having been extended under statutes in force at the time of the execution of the waivers, section 278 (c) of the Revenue Act of 1926 specifically takes care of the situation and authorizes assessment at any time prior to the termination of the extended period.

Accordingly, we hold that these waivers were valid for the purpose for which they were executed and did so extend the time for determination and assessment of the taxes for 1919 and 1920 to and including December 31, 1926.

The case will be restored to the day calendar for hearing upon the other questions at issue.